JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

JAN 22 1980

PATRICIA D. HOWARD
CLERK OF THE PANEL

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE CHIROPRACTIC ANTITRUST LITIGATION )   DOCKET NO. 402

OPINION AND ORDER

BEFORE MURRAY I. GURFEIN,* CHAIRMAN, AND ANDREW A. CAFFREY, ROY W. HARPER, CHARLES R. WEINER, EDWARD S. NORTHROP, AND ROBERT H. SCHNACKE, JUDGES OF THE PANEL.

PER CURIAM

   This litigation consists of four actions pending in four federal districts: one each in the Northern District of Illinois, Eastern District of Pennsylvania, Eastern District of New York and Southern District of Iowa.

   The complaint in each of the four actions alleges that certain physician and hospital associations, inter alia, have engaged in a national conspiracy to boycott or refuse to deal with chiropractors and to monopolize health care in violation of the federal antitrust laws. Each complaint charges, inter alia, that chiropractors are unable to secure the services of medical physicians to serve as adjuncts to their chiropractic practice in performing x-rays or lab tests. Only one defendant is now common to all four actions. Three other parties that were defendants in all four actions have settled the claims against them in the Pennsylvania action. Seven other parties are named as defendants in two actions.

---

*   Judge Gurfein took no part in the decision of this matter.

The Illinois action was filed in 1976 by five individual chiropractors from five different states (Illinois, Michigan, Missouri, Colorado and California). The complaint seeks both an injunction and treble damages. Discovery is far advanced in this action. More than one hundred thousand documents have been produced and more than one hundred persons have been deposed.

The Pennsylvania action was filed in 1977 by one chiropractor and the Pennsylvania Chiropractic Society on behalf of a statewide class of licensed chiropractors, and the district court has granted a motion for certification of that class. Plaintiffs pray for injunctive relief only. The claims against seven of the nine defendants in this action have been settled. Some discovery has occurred.

The New York action was filed in 1979 by the State of New York through its attorney general. The complaint contains a prayer for injunctive relief and a pendent claim for fines pursuant to a New York statute. Only limited discovery has taken place. On September 5, 1979, the State of New York sought to intervene in the Illinois action solely for the purpose of gaining access to certain discovery. The court deferred decision on New York's motion pending resolution by the Panel of the present motion.

The Iowa action was filed in 1979 by the state chiropractic society on behalf of 150 individual chiropractors. The complaint seeks not only an injunction, but also damages based on antitrust, civil rights and common law tort theories. No discovery has taken place in this action.

Numerous defendants have moved, or joined in motions, to centralize all actions in this litigation in the Northern District of Illinois pursuant to 28 U.S.C. §1407 for coordinated or consolidated pretrial proceedings.

Opposed to transfer are the plaintiffs in the Pennsylvania, New York and Iowa actions and certain defendants involved in only the New York and Iowa actions, respectively.

We conclude that transfer under Section 1407 would not necessarily serve the convenience of the parties and witnesses or promote the just and efficient conduct of the litigation. Accordingly, we deny the motion to transfer.

While movants acknowledge that there may be some unique factual issues involved in each of the four actions because of specific claims of injury and some aspects of relief sought, movants argue that common questions of fact clearly predominate in this litigation. Central to each action, movants contend, will be discovery concerning the same alleged national conspiracy by medical organizations to criticize chiropractic and discourage the use of chiropractors by physicians and by the public. Common factual questions pertaining to this alleged conspiracy, movants maintain, involve, inter alia, "what chiropractic is, whether chiropractic is beneficial and efficacious, and what the valid distinctions are between chiropractic and the 'orthodox' practice of medicine." Movants assert that many identical witnesses will be involved in each action concerning the common questions of fact and that Section 1407 proceedings are necessary in order to avoid duplication of discovery, prevent

conflicting pretrial rulings, and conserve the efforts of the parties and the judiciary.

We find these arguments unpersuasive. While the parties before us dispute the status of discovery in the Illinois action, the Panel is advised that on October 1, 1979, the Honorable James T. Balog, Magistrate, ruled that all discovery in the Illinois action is to be completed on or before January 29, 1980. The magistrate also ruled that the discovery cutoff date would be reconsidered only if additional actions are consolidated before the court in the Northern District of Illinois. A motion to vacate these rulings has been continued by the district court pending the Panel's ruling on the transfer motion. Thus, on the basis of the record before us, discovery in the Illinois action is near completion, and inclusion of this action in centralized pretrial proceedings could delay the termination of that action without producing any overriding benefit to the litigation as a whole. See In re Celotex Corporation "Technifoam" Products Liability Litigation, 68 F.R.D. 502, 505 (J.P.M.L. 1975). Similarly, a class determination has been made in the Pennsylvania action, and the claims against seven of the nine defendants in that action have been settled. We are therefore reluctant to transfer the Pennsylvania action because the orderly progress achieved thus far in that action might be disrupted.

Only two other actions are involved here. And, although we recognize the existence of common questions of fact between these two actions, movants have not met their burden

of convincing us that these common factual questions are sufficiently complex or that the accompanying discovery will be so time consuming as to justify transfer under Section 1407, **especially since much of the relevant discovery has already occurred in the Illinois action.** See In re Scotch Whiskey, 299 F. Supp. 543, 544 (J.P.M.L. 1969).

We observe that suitable alternatives to Section 1407 transfer are available in order to minimize the possibility of duplicative discovery. For example, the parties may request from the appropriate district courts that discovery completed in any action and relevant to one or more of the other actions be made applicable to those actions; or the parties could seek to agree upon a stipulation that any discovery relevant to more than one action may be used in all those actions. See also In re The Upjohn Company Antibiotic Cleocin Products Liability Litigation, 81 F.R.D. 482 (E.D. Mich. 1979); Manual for Complex Litigation, Parts I and II, §§3.11 (rev. ed. 1977). **Also, consultation and cooperation among the four concerned district courts,** if deemed appropriate by those courts, coupled with the cooperation of the parties, would minimize the possibility of conflicting pretrial rulings. See In re Raymond Lee Organization Inc. Securities Litigation, 446 F. Supp. 1266, 1268 (J.P.M.L. 1978).

IT IS THEREFORE ORDERED that the motion pursuant to 28 U.S.C. §1407 to transfer the actions listed on the following Schedule A be, and the same hereby is, DENIED.

DOCKET NO. 402

Schedule A.

NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Chester A. Wilk, D.C., et al. v. American Medical Association, et al. | Civil Action No. 76 C 3777 |

EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| John K. Slavek, D.C., etc. v. American Medical Association, et al. | Civil Action No. 77-1726 |

EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| The State of New York v. American Medicial Association, et al. | Civil Action No. 77-C-1732 |

SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| Health Care Equalization Committee of the Iowa Chiropractic Society, etc. v. Iowa Medical Society, et al. | Civil Action No. 79-381-A |

FPI--MAR--3-27-79-6M-17 81